# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JEREMIAH S. BERG, | ) | CASE NO. 4:18cv2693 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MARK K. WILLIAMS, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Jeremiah S. Berg ("Berg") filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241. Berg is currently incarcerated in the Elkton Federal Correctional Institution ("FCI Elkton"). He challenges the result of a prison disciplinary hearing that resulted in the loss of good time credit. He seeks expungement of the disciplinary conviction and restoration of good time credit.

## I. BACKGROUND

On February 7, 2018 at 6:45 a.m., staff at the federal correctional institution in Fort Dix, New Jersey ("FCI Fort Dix") conducted a shake down search of Berg's cell. When staff entered the cell, they found Berg standing in front of his open locker moving things around. Officers asked him to step away from the locker and submit to a pat down search. Berg complied, and officers found nothing on him. Berg then departed the room while the search continued. At the bottom of Berg's locker, officers discovered several pieces of mail labeled as legal mail. Inside one of the envelopes was a black cell phone hidden between cut pieces of paper. Berg was charged with the conduct offense of possession of a hazardous tool. He was found guilty at a disciplinary hearing and received several

sanctions, including loss of 40 days of good time credit.

Berg filed this action to challenge the finding of guilt issued by the Disciplinary Hearing Officer ("DHO"). Berg contends that when property is found in an unsecured area and is equally accessible to many inmates, it is not attributable to any one inmate. He suggests that his locker qualifies as an unsecured common area because it was unlocked just prior to the search and the entire compound was open from 6:00 a.m. until 7:30 a.m. He also called another inmate as a witness to testify that his locker was often left unlocked. He indicates he made this argument during his disciplinary hearing, but it was rejected. He claims this resulted in a denial of due process.

## II. STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because Berg is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit

on their face under Section 2243).

**III.    ANALYSIS**

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Mass. Corr. Instit. at Wolpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1972). In prison disciplinary proceedings, prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel. *Id*. at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Instit. at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. The DHO is not required to base findings on overwhelming or

irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id*. at 457.

In this case, although Berg attempts to characterize his claim as a denial of due process, he simply attacks the result of the disciplinary hearing. He does not complain about the hearing process, nor does he suggest he did not have sufficient notice of the charges. He attaches the DHO's report indicating he received notice of the charges on the day the cellphone was discovered, February 7, 2018. He was advised of his rights before the Disciplinary Hearing Officer on February 12, 2018. The hearing was conducted on March 27, 2018. He called a witness to support his claim that he kept his locker unlocked. Moreover, there is some evidence to support the finding of guilt. The cellphone was found in his locker in an envelope with his name on it. While Berg disputes the DHO's resolution of factual issues and his finding of guilt, he has not sufficiently demonstrated he was denied due process.

## IV.   CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: July 9, 2019

　　　　　　　　　　　　　　　　　　　　　　
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**